UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold David Scott, ) | C/A No. 7:11-26-JMC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Chief Sam White, Union City Police Dept; ) | |
| Magistrate Jemmy Crocket; Officer Jorome ) | |
| Betty, Union City Police Dept, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, a pretrial detainee in the Union County Detention Center (UCDC) in Union, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action[1] against Union Public Safety Department Chief Sam White and Officer Jerome Beatty, and Union County Chief Magistrate Jimmy Crocker, seeking $12,000,000 in damages and injunctive relief, asking this Court to fire Defendants and "to make shore this don't happen to some one else." [sic] (ECF No. 1, p. 5). Plaintiff alleges that, on September 21, 2010, while he was in jail in the Spartanburg County Detention Center (SCDC), "my family find out that my property was stolen from my house" in Union. (ECF No. 1, p. 3). Plaintiff alleges that his mother "told what happened," first to Officer Betty [sic], then Magistrate Crocket [sic], then Chief White, each of whom told her that Plaintiff would have to file a complaint, himself.

---

[1]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

When Defendants were told by Plaintiff's mother that he could not file a complaint because he was in SCDC, they told her "there was nothing they could do." (ECF No. 1, p. 3-4). Plaintiff wrote seven letters to Crocker and White between September 25, 2010 and November 30, 2010, asking "why you will not come to SCDC and let me have the paper work to get my property back?," "why are you not letting me file charges on the people who stole my property?," "are there two sets of laws for people to go by?", and "when you are in jail you can not file to get your property back when it is stolened [sic] from you?" (ECF No. 1-1, p. 1-14). Plaintiff alleges that he received no response. Plaintiff does not make clear what property was stolen, when it was stolen, or whether he knows, or suspects, who stole it.

### PRO SE AND IN FORMA PAUPERIS REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure

in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### DISCUSSION

Plaintiff's Complaint should be summarily dismissed because he does not have a constitutional right to, or, in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005)(referencing *DeShaney v. Winnebago County Dep't. of Social Servs.*, 489 U.S. 189 (1989)). The general public's benefit of discretionary police protection and enforcement of the law does not confer upon a private citizen a constitutionally protected individual entitlement to a law enforcement investigation of his claims, and therefore cannot give rise to a constitutionally protected property interest. *Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2nd Cir. 2010)(quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)). As the Fourth Circuit Court of Appeals recently explained in *Doe v. S.C. Dep't. of Soc. Servs.*, 597 F.3d 163 (4th Cir 2010):

> As a general rule, "the Due Process Clause works only as a negative prohibition on state action," *Pinder v. Johnson*, 54 F.3d 1169, 1174 (4th Cir. 1995) (en banc), and the state's "failure to protect an individual against private violence simply does not constitute a violation of [it]," *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). "Its purpose was to protect the people from the State, not to ensure that the State protected them from each other." *Id.* at 196. Thus, it "serves 'as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security,'" *Patten v. Nichols*, 274 F.3d 829, 836 (4th Cir. 2001)

> (quoting *DeShaney*, 489 U.S. at 195), and "does not require governmental actors to *affirmatively* protect life, liberty, or property against intrusion by private third parties," *Pinder*, 54 F.3d at 1174 (emphasis added); *see Patten*, 274 F.3d at 836 ("[T]he clause 'confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.'" (quoting *DeShaney*, 489 U.S. at 196)). And, because "the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." *DeShaney*, 489 U.S. at 196-97.

*Doe v. S.C. Dep't. of Soc. Servs.*, 597 F.3d at 170-71.

In the absence of allegations that protective services such as criminal investigations and charges are being withheld solely for an illegally discriminatory reason, a private citizen may not recover damages under § 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection, but an equal protection claim for inadequacy of police protection can be sustained only upon proof that the failure to investigate a crime or the non-arrest of a perpetrator was the result of discrimination against a protected class. *See McKee v. City of Rockwall*, 877 F.2d 409, 418 (5th Cir. 1989); *Watson v. Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988). Here, no allegation has been made that Defendants failed to act because of Plaintiff's race, color, religion, national origin, gender, age, or other illegally discriminatory basis, and prisoners are not a protected class. *See Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000).

Plaintiff's Complaint attempts to characterize the issue that he desires to litigate here as "not letting me have access to the court." (ECF No. 1, p. 2). Without question, "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821

4

(1977). To have standing to seek relief under this right, however, a plaintiff must show actual injury by "demonstrating that a nonfrivolous legal claim has been frustrated or . . . impeded." *Lewis v. Casey*, 518 U.S. 343, 353 (1996) (footnote omitted). As noted above, because Plaintiff does not have a legitimate claim of a constitutional right to the criminal prosecution of another person, he does not have standing to seek relief here under a "right of access to the courts" argument. Plaintiff has not demonstrated that he is a member of a protected class or that he has suffered the violation of a fundamental right, therefore, heightened or strict scrutiny of the Defendants' action or inaction on Plaintiff's request to "file a complaint on his stolen property" is not warranted. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998)(neither indigents nor prisoners are a suspect class). The allegations of the Complaint do not suggest that Defendants deprived Plaintiff of a constitutionally protected interest. Thus, no federal cause of action under 42 U.S.C. § 1983 is stated against any of the Defendants in this case.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

January 18, 2011       s/Kevin F. McDonald
Greenville, South Carolina    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).