IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Harold David Scott,               )<br>                                                )<br>                    Plaintiff,      )<br>                                                )<br>    v.                                        )<br>                                                )<br>                                                )<br>Chief Sam White, Union City Police Dept;  )<br>Magistrate Jemmy Crocket; Officer Jorome  )<br>Betty, Union City Police Dept,        )<br>                                                )<br>                    Defendants,     )<br>_____)  | C.A. No. 7:11-cv-00026-JMC<br><br>**ORDER** |

    The *pro se* Petitioner, a pretrial detainee in the Union County Detention Center, filed this Complaint pursuant to 42 U.S.C. § 1983 alleging his property was stolen from his house while he was in jail in the Spartanburg County Detention Center and alleges that he was not able to file a police report regarding the alleged crime against him. The Magistrate Judge's Report and Recommendation [Doc. 10], filed on January 18, 2011, recommends that Plaintiff's Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

    The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation [Doc. 10, at 6]. However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 10] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint in the above-captioned case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

                                                      s/J. Michelle Childs
                                                     United States District Judge

Greenville, South Carolina
February 10, 2011